UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: SANGA BARTLEY | No. 3:17-cv-450 (MPS) |

**RULING ON MOTIONS TO DISMISS**

The Bankruptcy Court for the District of Connecticut denied Sanga Bartley's "Motion to Reconsider Denials of Motion to Open and For Order to Show Cause," and she has now appealed that decision to this Court. Bartley has added two of the state court judges who entered orders in her previous state foreclosure case as defendants in this matter as well. Nationstar and the state court judges have moved to dismiss this appeal. For the reasons that follow, I GRANT the state court judges' motion to dismiss because new defendants cannot be added on appeal. I AFFIRM the Bankruptcy Court's decision on the Motion for Reconsideration because it was not an abuse of discretion, and I DENY Nationstar's motion to dismiss as moot.

## I. Background

This dispute originated with a 2011 state court foreclosure action that Aurora Loan Services, LLC (now Nationstar Mortgage LLC) filed against Bartley. (ECF No. 14-1 at 1.) On October 15, 2013, Judge Robert Vacchelli entered a judgment of strict foreclosure in that case. (*Id.* at 5.) The appellate court affirmed his decision on May 12, 2015. (*Id.* at 6.) Bartley's petition for certification was denied on June 22, 2015. (*Id.*) On January 22, 2016, while the state court was adjudicating the foreclosure, Bartley filed a Chapter 7 bankruptcy petition in the Bankruptcy Court for the District of Connecticut. *In re: Sanga A. Bartley*, No. 16-20105, ECF No. 1 (D. Conn. Jan. 22, 2016). While the bankruptcy case was pending, the state foreclosure action was stayed. (ECF No. 14-1 at 7.) An order discharging debt was entered on May 4, 2016 in the bankruptcy case, and

1

it was closed on May 18, 2016. *In re: Bartley*, No. 16-20105, ECF Nos. 21, 22. On May 24, 2016, Nationstar filed a notice "of relief from stay," in the state foreclosure action, stating that the bankruptcy action had terminated. (ECF No. 14-1 at 7.) On June 2, 2016, Superior Court Judge M. Nawaz Wahla overruled Bartley's objection to lifting the stay. (*Id.*) On August 8, 2016, Superior Court Judge Antonio Robaina denied Bartley's subsequent motion to open the judgment. (*Id.*)

On September 16, 2016, after her unsuccessful attempt to reinstate the stay and to reopen her state court judgment, Bartley filed a motion to reopen the bankruptcy case and a motion for an order to show cause as to why Nationstar should not have been held in contempt. *In re: Bartley*, No. 16-20105, ECF Nos. 23, 24. In the motion to reopen, she stated that "Aurora [the predecessor to Nationstar] and its counsel engaged in actions that were in contempt of court when they continued to pursue foreclosure actions against her property at 109 Evergreen Avenue, Hartford, Connecticut, which actions were designed to collect a discharged debt and to get around the injunctions of the United States Bankruptcy Code." *In re: Bartley*, No. 16-20105, ECF No. 23. Judge Tancredi denied that motion on December 28, 2016. He stated:

> It is hereby ORDERED the subject Motion to Reopen is DENIED for failure to show good cause: the discharge did not prohibit the lender from in rem proceedings to foreclose the mortgage, and the Rooker Feldman doctrine, collateral estoppel and res judicata would preclude the relitigation of standing issues. As the basis for reopening is founded upon a motion for contempt for which there is no sound basis, reopening the case would only serve to needlessly multiply litigation without merit and serve to increase inconvenience, expense and delay because of the Debtor's ostensible misconception of the law.

*In re: Bartley*, No. 16-20105, ECF No 35.

On January 23, 2017, Bartley then filed an Amended Motion to Reconsider Denials of Motion to Open and For Order to Show Cause, asking the bankruptcy court to reconsider its decision to deny her motion to reopen the case. *In re: Sanga A. Bartley*, No. 16-2105, ECF No. 41. Judge Tancredi denied that motion on March 3, 2017. *In re: Sanga A. Bartley*, No. 16-20105,

ECF No. 47. He stated that the motion was denied: (1) because Bartley did not file it within seven days from the date of the original order, as required by Local District Court Rule 7(c) (she filed it thirteen days after the order instead); (2) because Bartley did not set forth concisely the controlling decisions or data she believed the Court had overlooked, as also required by Rule 7(c); and (3) because Bartley did not "advance[] or m[e]et" any of the grounds that Federal Rules of Civil Procedure 59(e) and 60(b)—applicable through Bankruptcy Rules 9023 and 9024—provide to alter or amend a judgment or to relieve a party or its legal representative from a final judgment. (*Id.*)

Bartley appealed Judge Tancredi's denial of her motion for reconsideration to this Court on March 17, 2017. (ECF No. 1.) In this appeal, Bartley adds for the first time Judges Wahla and Robaina as defendants, even though they were not party to the bankruptcy proceedings and were never served with either the motion to reopen and for order to show cause or the motion for reconsideration. *In re: Sanga A. Bartley*, No. 16-2105, ECF Nos. 27, 45 (indicating that service was made on several parties, not including either Judge Robaina or Judge Wahla).

**II.     Legal Standard**

Federal district courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges. 28 U.S.C. § 158(a); Fed. R. Bankr. P. 8013. "The standard of review for the denial of a motion to reconsider is abuse of discretion." *Matter of AMR Corp.*, 566 B.R. 657, 665 (S.D.N.Y. 2017). "Section 502(j) of the Bankruptcy Code provides that a claim that has been disallowed may be reconsidered for cause. Courts decide motions under Section 502(j) by applying the same analysis that [they] would [apply] to a motion under Fed. R. Bankr. P. 9023 (incorporating Fed. R. Civ. P. 59) or Fed. R. Bankr. P. 9024 (incorporating Fed. R. Civ. P. 60), depending on whether the movant . . . sought reconsideration within fourteen days after the entry

3

of the order disallowing the claim, or did so only later." *Id.* (internal quotation marks and alterations omitted). "Both Bankruptcy Rule 9023 and 9024, respectively, prevent repetitive arguments on issues that have been considered fully by the court[] and relitigating matters settled by the original judgment." *Id.* at 665–66 (internal citations and quotation marks omitted).

"To prevail on a motion under Rule 9023, the movant must show that the court overlooked controlling decisions or factual matters that might materially have influenced its earlier decision." *Id.* at 666. "[A]nd the motion is granted only when the [movant] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice[.]'" *Id.* (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal citation and quotation marks omitted). "Similarly, a motion under Rule 9024 is granted 'only upon a showing of exceptional circumstances.'" *Id.* (quoting *United States v. Int'l Bhd. Of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001)).

Bartley is a pro se litigant and "pleadings of a *pro se* plaintiff must be read liberally and should be interpreted to 'raise the strongest arguments that they suggest.'" *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (citing *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

**III. Analysis**

*A. This Court has no Jurisdiction Over Judges Robaina and Wahla*

"[N]ew defendants may not be named on appeal." *Mee Wah Chan v. Nashty*, 394 F. App'x 832, 833 (2d Cir. 2010). Although Bartley mentioned Judges Robaina and Whala in her motion for reconsideration as "parties that assisted Aurora" in "violat[ing] the discharge and stay injunctions of the Bankruptcy Code", *In re: Sanga A. Bartley*, No. 16-2105, ECF No. 41 at 4–5, they were not parties to the bankruptcy action. She did not serve either of them with notice of her motion to reopen, her motion for order to show cause, or her motion to reconsider. *See In re: Sanga*

*A. Bartley*, No. 16-2105, ECF Nos. 27, 45 (stating that Bartley served Linda J. St. Pierre, Thomas Boscarino, and the U.S. Trustee but not Judges Robaina or Wahla). Therefore, she cannot now add them to this appeal.

Therefore, I GRANT the Judges' motion to dismiss. (ECF No. 14.)

*B. The Bankruptcy Court Did Not Err in Denying Bartley's Motion to Reconsider*[1]

Bartley has not met her burden to show that it was an abuse of discretion for the Bankruptcy Court to deny her motion to reconsider. "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (reviewing the district court's denial of a motion to reconsider under an abuse of discretion standard). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.*

The Bankruptcy Court denied Bartley's motion to reconsider for three reasons, none of which was an abuse of discretion. First, Judge Tancredi found that Bartley had failed to comply with Local Rule 7(c), filing her motion to reconsider on January 10, 2017, or 13 days after the order denying her motion to reopen was entered on December 28, 2017. (ECF No. 1-1 at 1.) This was not an abuse of discretion because Local Rule 7(c) required Bartley to file that motion within 7 days, and she failed to do so.

---

[1] Instead of filing a response brief to Bartley's brief in support of her appeal, Nationstar filed a motion to dismiss the appeal. (ECF No. 13.) In that brief, it cited Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) standards and argued that I should dismiss Bartley's appeal for lack of subject matter jurisdiction and for a failure to state a claim. (*Id.* at 5–15.) This motion was not procedurally correct. District courts review appeals of motions for reconsideration from bankruptcy courts using an abuse of discretion standard; they do not evaluate an appeal under the standards applicable to initial pleadings in district court. *See Matter of AMR Corp.*, 566 B.R at 665. However, because I find that Bartley has not shown that the Bankruptcy Court abused its discretion in denying her motion for reconsideration, this procedural issue regarding Nationstar's response is not material to the analysis needed to affirm the bankruptcy court's decision.

Second, Judge Tancredi held that Bartley had not provided any "new decision or data" in her motion to reconsider, instead including only "legal arguments formerly relied upon in [her] motion to reopen." (*Id.*) After reviewing Bartley's motion to reopen and her motion to reconsider, I find that this also was not an abuse of discretion, because Judge Tancredi reasonably interpreted Bartley's motion to reconsider as merely raising legal arguments that she had made previously in other filings.

Third, Judge Tancredi found that Bartley had not met the requirements of either Rule 59(e) or Rule 60(b)—if, in fact, she was seeking relief under either of those rules as made applicable to bankruptcy proceedings under Bankruptcy Rules 9023 and 9024. He found that Bartley had filed her motion to reconsider "within the time period set forth in Rule 59(e) . . . [so it] may be considered under both Rule 59(e) and Rule 60(b)." (ECF No. 1-1 at 2.) He correctly stated that "it is well settled that the grounds for granting a motion for reconsideration [under Rule 59] in the Second Circuit are: (1) an intervening change of controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error or prevent manifest injustice." (*Id.*) (citing *Virgin Atl. Airways, Ltd. V. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992).) Having reviewed Bartley's motion to reconsider and previous motion to reopen, I find that it was not an abuse of discretion to hold that she was "merely seek[ing] to relitigate, yet again, issues already decided by this Court, the Superior Court and the Appellate Court of Connecticut." (*Id.*) It was reasonable to find that Bartley simply was restating arguments she had advanced before, rather than introducing new controlling precedent or evidence or a need to correct a mistake. Similarly, Judge Tancredi correctly stated that

> Federal Rule of Civil Procedure 60(b) . . . allows the Court . . . to relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a

6

> new trial under Rule 59(b); (3) fraud . . .; (4) the judgement is void; (5) the judgment has been satisfied, released or discharged, it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

(*Id.*) (citing Fed. R. Civ. P. 60(b).) He held that Bartley "has not advanced or met any of the aforementioned grounds, and the Court sees no reason that would justify the requested relief." (*Id.*) This was not an abuse of discretion either: Judge Tancredi reasonably analyzed Bartley's motion to reconsider as solely reiterating previous arguments about the underlying judgment in both the bankruptcy case as well as the state court foreclosure action, rather than stating any reason that any of the Rule 60(b) provisions for relief applied to her case.[2]

## IV. Conclusion

For the reasons stated above, I GRANT Judges Wahla and Robaina's motion to dismiss this appeal for lack of jurisdiction. (ECF No. 14.) I also find that Bartley has not met her burden to show that the Bankruptcy Court erred in denying her motion for reconsider, and I AFFIRM that

---

[2] Similarly, the arguments in Bartley's appeal brief (ECF No. 11) also "seek[] solely to relitigate an issue already decided," *Shrader*, 70 F.3d at 257, rather than stating any reason to find that denying reconsideration was an abuse of discretion. Bartley argues, among other things, that: (1) the Judges are not immune from her suit because they acted in the absence of jurisdiction; (2) the bankruptcy court did not have jurisdiction over her case because it included "non-core issues"; (3) the bankruptcy court was "lax and biased on the subject of dischargeability"; (4) Nationstar did not have a "valid enforceable note" against her home; (5) the bankruptcy court "refus[ed] to use Best Evidence to determine the issue of standing before refusing to open Appellant's case so as to deal with the contempt and [Bankruptcy] Code violations"; (6) Nationstar "and its assignment chain have unclean hands and are not eligible for equitable relief"; and (7) the holder of the mortgage is uncertain because some of the paperwork involved "suggest[s] securitization." (ECF No. 11.) But none of these arguments address the issue of whether the Bankruptcy Court abused its discretion by denying her motion for reconsideration. Construing her pleadings to raise the strongest arguments they suggest, at most Bartley suggests that the Bankruptcy Court erred in evaluating her motion to reopen. However, that still does not show that the denial of the motion for reconsideration was an abuse of discretion. Regardless, my own review of the order denying the motion to reopen suggests that it was not an abuse of discretion either, even though that order is not directly at issue in this appeal. In that order, Judge Tancredi reasonably concluded that "the discharge did not prohibit the lender from in rem proceedings to foreclose the mortgage, and the Rooker Feldman doctrine, collateral estoppel and res judicata would preclude the relitigation of standing issues." (*See In re: Bartley*, No. 16-20105, ECF No 35.) That decision was based soundly in law and the facts of the case. *See e.g.*, *United States v. Alfano*, 34 F. Supp.2d 827, 838 (E.D.N.Y. 1999) ("[D]ischarge does not affect liability in rem and prepetition liens remain enforceable after discharge.") (internal quotation marks and citations omitted; citing authorities); *Graham v. Select Portfolio Servicing, Inc.*, 156 F. Supp.3d 491, 502–06 (S.D.N.Y. 2016).

decision. I DENY Nationstar's motion to dismiss as moot. (ECF No. 13.) The Clerk is directed to close the case.

IT IS SO ORDERED.

                                                /s/
                                      Michael P. Shea, U.S.D.J.

Dated:       Hartford, Connecticut
               January 11, 2018